GERALDINE CALLAGHAN, OTHERWISE KNOWN AS GER-
ALDINE LEONARD, PLAINTIFF, v. TERRENCE LEON-
ARD, DEFENDANT.

Superior Court of New Jersey
Chancery Division
(Matrimonial)

Decided July 14, 1977.

*Mr. Richard M. Mandel* for defendant (*Messrs. O'Brien and Liotta,* attorneys).

*Mr. Bernard S. Glick,* attorney for plaintiff.

GROSSI, J. C. C., Temporarily Assigned. Plaintiff sues for an annulment, alleging defendant's prior subsisting marriage. This is a motion for, among other things, *pendente lite* alimony.

Defendant was married to his first wife on March 11, 1961. An Alabama divorce decree was purportedly entered on June 9, 1965. On August 15, 1965 the parties here were married. Thereafter, it was discovered that no divorce decree was entered in the Alabama court.

Defendant contends that his marriage to the plaintiff is void *ab initio,* and therefore she is not entitled to alimony, either permanent or *pendente lite.* He also contends that any interpretation of *N. J. S. A.* 2A:34-23 which would allow permanent or *pendente lite* alimony would amount to a deprivation of property without due process of law, in violation of the Fourteenth Amendment of the Federal Constitution and Art. I, par. 1 of the New Jersey Constitution.

This court's authority to grant *pendente lite* alimony would seem clear from a reading of *N. J. S. A.* 2A:34-23. The statute provides in pertinent part:

Pending any matrimonial action brought in this State or elsewhere * * * the court may make such order as to the alimony or maintenance of the parties * * * as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and require reasonable security for the due observance of such orders.

Before the 1971 amendments to the Divorce Law, *N. J. S. A.* 2A:34–23 allowed "such order as to the alimony or maintenance of the wife * * *." Defendant argues that plaintiff is not his wife since no valid marriage ever took place, and urges that the court should continue to interpret the word "parties" in *N. J. S. A.* 2A:34–23 as requiring a lawful spouse. The argument relies on the comment of the divorce Law Study Commission in its *Final Report to the Governor and the Legislature,* dated May 11, 1970. The Commission states (at 93) that "Section 2A:34–23 is retained in its present form with the exception of a change of the word 'wife' to 'parties' so that alimony may be awarded to a husband as well as a wife * * *."

That reading of the statutory amendments regarding alimony is much too narrow. The 1971 amendments to the Divorce Law include an addition to *N. J. S. A.* 2A:34–23 which in pertinent part provides: "In all actions brought for divorce, divorce from bed and board, or *nullity the court may award alimony to either party,* and in so doing shall consider the actual need and ability to pay of the parties and the duration of the marriage." (Emphasis supplied)

The Divorce Law Study Commission gave its reason for this amendment in its *Final Report to the Governor and the Legislature.* It states:

The proposed amendment to section 2A:34–23 would permit alimony to be awarded in nullity actions as well as in divorce and divorce from bed and board actions. Unfortunately, only a minority of states at present permit alimony to be awarded in annulment cases. This is due to historical accident rather than because of deliberate statutory design. There is no sound reason why a wife who is the victim of fraud or who unwittingly enters into a bigamous marriage should be deprived of alimony. The court should have discretion to award alimony in appropriate cases where the relief sought is an annulment. [at 93–94]

The statute, *N. J. S. A.* 2A:34–23, "makes no distinction between a voidable and a void marriage. The language of the provision clearly provides that in all actions brought

for annulment, an alimony award is proper." *Richards v. Richards,* 139 *N. J. Super.* 207, 211–212 (Ch. Div. 1976).

Defendant also relies on the line of New Jersey cases which do not allow alimony *pendente lite* where the affidavits of both sides prove that the marriage was void *ab initio. Barnes v. Barnes,* 138 *N. J. Eq.* 504 (E. & A. 1946); *Wigder v. Wigder,* 14 *N. J. Misc.* 880, 188 *A.* 235 (Ch. 1936); *Knott v. Knott,* 51 *A.* 15 (Ch. 1902). In all of those cases the courts were faced with a lack of statutory authority for granting alimony in nullity cases. Without that statutory authority there is no right to alimony. *Sharpe v. Sharpe,* 109 *N. J. Super.* 410 (Ch. Div. 1970), mod. 57 *N. J.* 468 (1971). *N. J. S. A.* 2A:34–23, as amended in 1971, now provides that authority and any former requirements that a party oppose the annulment in order to obtain alimony *pendente lite* are no longer valid.

The purpose of the Legislature in enacting the amendment to *N. J. S. A.* 2A:34–23 was to remedy the "historical accident" which denied alimony in annulment proceedings. The overall legislative plan is to allow any marriage to act as a foundation for the continuing duty to support the spouse.

It is inconceivable that the Legislature intended to implement a plan which would permit permanent alimony in an annulment action based on a void marriage and would deny alimony *pendente lite* in the same action. After reviewing the total scheme of relief in matrimonial actions afforded by *N. J. S. A.* 2A:34–23, this court holds that it has the power to award alimony *pendente lite* in all annulment actions where the circumstances of the parties and the nature of the case render such an award fit, reasonable and just.

Defendant contends that in this case a grant of alimony, either *pendente lite* or permanent, would constitute a retroactive application of the amended *N. J. S. A.* 2A:34–23. It is argued that such an application would deny the defendant his constitutional rights by depriving him of prop-

erty without due process of law, in violation of the Fourteenth Amendment of the Federal Constitution and Art. I, par. 1 of the New Jersey Constitution. The contention is that since the marriage is void *ab initio* the court is declaring the rights of the parties at the time of the marriage in 1965. Those rights vested in 1965 and to apply the 1971 amendment of *N. J. S. A.* 2A:34–23 to them would abrogate or modify "vested rights."

The court believes that the time of the marriage is not the controlling consideration. It is the time of the action for nullity which gives the court jurisdiction to grant alimony under *N. J. S. A.* 2A:34–23. The time of this action is 1977 and to apply *N. J. S. A.* 2A:34–23 in its amended form is in no way a retroactive application of that statute. *Rothman v. Rothman,* 65 *N. J.* 219 (1974). However, even if it could be interpreted as a retroactive application, that interpretation does not mandate the conclusion that the statute is unconstitutional.

The court does not reach the issue of whether the "right" not to pay alimony is vested or not. Assuming that the "right" is vested, the Legislature still had the power to enact the statute.

In *Rothman v. Rothman,* 65 *N. J.* 219 (1974), the New Jersey Supreme Court met the same constitutional argument in reference to the equitable distribution provision of *N. J. S. A.* 2A:34–23. The court there recognized that where the public interest outweighs the private right which is impaired, modified or abrogated, retroactive legislation is not unconstitutional. The court held that the statute was a valid exercise of the State's police power in an area of social relationship which is traditionally subject to state control. The police power was being exercised to fulfill a public policy that no person be left without support as a result of the dissolution of a marriage. Against that police power and public policy the court balanced the individual loss and determined that the social interest outweighed the private in-

100

terest. It also concluded that the statute was a proper exercise of police power and was not unconstitutional.

The theories of *Rothman v. Rothman, supra,* are equally applicable and equally persuasive in this case. Once again, a court must balance the public policy and legislative intent to provide support to a spouse upon the dissolution of a marriage against the private interest of the spouse who must make support payments. To provide for the continuing support of an unwitting participant in a void marriage is a proper exercise of the police power and it does outweigh any private interest in an alleged "vested right" not to pay alimony. The statute as interpreted here is not unconstitutional.

*N. J. S. A.* 2A:34–23 provides that the court may grant *pendente lite* and permanent alimony in annulment actions. The application of that statute to the annulment of a void ceremonial marriage performed in 1965 is not in violation of the Fourteenth Amendment of the Federal Constitution or Art. I, par. 1 of the New Jersey Constitution.

Accordingly, the court will enter a *pendente lite* award of alimony.